J-S19043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JOSEPH E. WALLACE, III, :
:
Appellant : No. 2868 EDA 2014

Appeal from the PCRA Order entered on September 24, 2014
in the Court of Common Pleas of Chester County,
Criminal Division, No. CP-15-CR-0001266-2000

BEFORE: STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 31, 2015**

Joseph E. Wallace, III ("Wallace"), *pro se*, appeals from the Order

dismissing his first Petition filed pursuant to the Post Conviction Relief Act

("PCRA").[1] We affirm.

The PCRA court set forth the relevant factual and procedural history as

follows:

> On February 28, 2000, [Wallace] stabbed his wife Eileen as
> she slept in her bed. Eileen Wallace died as a result of her
> wounds. On December 6, 2000, [Wallace] entered a plea of
> guilty but mentally ill to the charges of third[-]degree murder,
> possessing an instrument of crime and tampering with physical
> evidence. He was sentenced that day to a term of imprisonment
> of twenty-three and one-half to forty-seven years. [Wallace] did
> not appeal his sentence. On September 3, 2013, [Wallace] filed
> a *pro se* PCRA [P]etition. Because this was [Wallace's] first
> PCRA [P]etition, [the PCRA court] appointed Robert Brendza,
> Esquire ["Attorney Brendza"] as [Wallace's] counsel. [Attorney]
> Brendza reviewed [Wallace's] claims and court file, determined

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

that [Wallace's] PCRA [Petition] was not timely, and moved to withdraw his appearance as PCRA counsel. [The PCRA court] also reviewed the file and record, [and] also determined that [Wallace's] PCRA [Petition] was untimely, and on June 18, 2014, [the PCRA court] gave [Wallace] [N]otice of [the court's] intent to dismiss his [P]etition without a hearing. [Wallace] responded to this [N]otice with two *pro se* filings. On July 17, 2014, [the PCRA court] directed that [Attorney] Brendza review these submissions, and inform the [c]ourt of his findings. [Attorney] Brendza complied with this [O]rder, and after [the PCRA court's] review revealed that [Wallace] was entitled to no post-conviction relief, [the court] dismissed [Wallace's] PCRA [P]etition on September 24, 2014 [and granted Attorney Brendza's Motion to withdraw].

PCRA Court Opinion, 11/25/14, at 1-2 (footnote omitted).

Wallace, acting *pro se*, filed a timely Notice of Appeal and a court-ordered Concise Statement of Matters Complained of on Appeal.

On appeal, Wallace raises the following issues for our review:

1. Did the [PCRA] court commit legal error in failing to acknowledge, respond to, and/or grant Wallace's request to invoke his right to self-representation?

2. Did the [PCRA] court commit legal error in failing to adequately and exclusively consider and respond to Wallace's *pro se* claims/requests: (unlawfully-induced guilty plea claim, after-discovered evidence claim, request for the appointment of a psychopharamacologist, and request for an evidentiary hearing)?

Brief for Appellant at 2 (capitalization omitted). We will review Wallace's claims together, as they both require a determination as to whether the PCRA court properly concluded that Wallace's Petition is untimely, and that he failed to plead and prove any exception to the PCRA's timeliness bar.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA

- 2 -

level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Wallace's judgment of sentence became final on January 5, 2001, when the thirty-day period of time in which to file an appeal with our Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P 903(a). Accordingly, Wallace had until January 7, 2002, to file the instant PCRA Petition, but he did not do so until September 3, 2013. Thus, Wallace's Petition is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these

exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

In this case, Wallace has invoked the exception provided by section 9545(b)(1)(ii), pertaining to newly-discovered evidence. Brief for Appellant at 7. This exception requires Wallace to allege and prove that there were *facts* that were unknown to him, and that he could not have ascertained those *facts* by the exercise of due diligence. *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008); *see also id*. (stating that the focus of the exception is "on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts.") (citation omitted).

Here, Wallace asserts that one of the defense psychologists who evaluated him, Dr. Gerald Cooke ("Dr. Cooke"), was unaware of the prescription medications that Wallace was taking when he murdered his wife, including Ambien, Ritalin and Paxil. Brief for Appellant at 10-11. Wallace has presented the supplemental opinion of Dr. Cooke, wherein Dr. Cooke posits that the medication may have exacerbated Wallace's psychosis, and may provide Wallace with a partial defense of involuntary intoxication. Brief for Appellant at 11; *see also* Supplemental Opinion, 8/4/14, at 1-2. However, Dr. Cooke defers to a psychopharmacologist to provide expert opinion on this issue. *Id*. We conclude that these are not "newly discovered facts," but merely "a newly willing source for previously known facts." *See*

*Marshall*, 947 A.2d at 720. Such a claim does not invoke the timeliness exception at section 9545(b)(1)(ii). Therefore, we conclude that the PCRA court properly dismissed Wallace's Petition as untimely.

Order affirmed.

Stabile, J., joins the memorandum.

Jenkins, J., concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015